Cake., J.
After discussing the cause upon the evidence, and determining it upon the merits for the appellees, said—It was objected, that the appellees, instead of filing this bill, might have moved the county court to quash the execution; and that having this complete remedy at law, equity ought not to entertain them. It is true, that every court has a right to watch over its process, and where it has been irregularly or fraudulently executed, to quash it, as being the best and speediest mode of doing justice. But this was not a question of fraud or irregularity, in the execution of process; no officer of the court had acted improperly. The execution was taken out by Crawford, who had acted as the agent of the plaintiff Shrader, and was indorsed by Crawford for his own benefit, except as to 480 dollars; and at a date subsequent to this indorsement, Thurmond had *88 obtained a complete discharge of the execution from Shrader: a state of things which presented several questions complicated of law and fact; as 1. the genuineness of Shrader’s receipt and discharge to Thurmond; 2. its effect in law; 3. the fairness of that transaction; 4. the effect of Crawford’s indorsement, involving the question whether his agency was not destroyed by the presence and acting of the principal; 5. the equity of Crawford’s pretensions in fact and in law. Now I do not say, that the county court, sitting as a court of law, could not upon motion, in a summary way, try these questions: but I do say, that in that mode, it would not have afforded as safé or as convenient a tribunal for the trial of them, as a court 'of equity upon regular pleadings and proofs. And this consideration, it will be recollected, forms one of the grounds in equity for assuming jurisdictions But there is another, perhaps a stronger ground. The indorsement of the execution for Crawford’s benefit, gave him nothing but an equitable right, which could have no weight in a court of law, belonged exclusively to equity, and must finally have brought the cause there for decision. This consideration, it will be seen, had a good deal of weight with a majority of the court, in Ambler v. Warwick, 1 Leigh, 195. Taking all these things into view, I do not feel disposed to disturb the decree.
The other judges concurred, and the decree was affirmed.